IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03134-PAB-KMT

CHRISTOPHER SCOVILLE,

    Plaintiff,

v.

SECURA INSURANCE and
SECURA INSURANCE, a Mutual Company, d/b/a, a/k/a, and/or f/k/a SECURA
INSURANCE, a Wisconsin corporation,

    Defendants.
_____

# MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint [Docket No. 14] filed by defendant Secura Insurance, a Mutual Company. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    Defendant moves to dismiss the complaint for lack of personal jurisdiction under Colorado Rule of Civil Procedure 12(b)(2), insufficient service of process under Rules 12(b)(3) and 12(b)(4), and failure to state a claim under Rule 12(b)(5). Docket No. 14 at 1. On January 12, 2018, six days before the filing of defendant's motion to dismiss in this Court, defendant filed a Notice of Ripe Dispositive Motion [Docket No. 12] stating that its motion to dismiss, filed in state court, had been rendered moot by perfection of service of process and removal of the case to federal court to the extent the motion sought dismissal under Colorado Rules of Civil Procedure 12(b)(1)-(4). Docket No. 12 at 1. As to the portion of defendant's motion asserted under Rule 12(b)(5), defendant indicated that it had "been fully briefed and [was] ripe for a ruling by this Court." *Id.*

    On January 18, 2018, defendant filed its motion to dismiss in this Court asserting the same bases for dismissal that were presented in the state court filing. *See* Docket No. 14. Because defendant has stated that the portions of the motion asserted under Colorado Rules of Civil Procedure 12(b)(1)-(4) were rendered moot by plaintiff's perfection of service of process and defendant's removal of the case to federal court, those portions of defendant's motion to dismiss will be denied as moot.

    Defendant avers that the portion of the motion asserted under Rule 12(b)(5) is ripe for disposition. However, the Colorado Rules of Civil Procedure do not apply in federal court. *See Murphy v. Dyer*, 260 F. Supp. 822, 823 (D. Colo. 1966); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (reiterating that federal courts sitting in diversity must "apply state substantive law and federal procedural law"); Fed. R. Civ. P.

81(c)(1) (stating that Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). Although Colorado courts construe Colorado Rule of Civil Procedure 12(b)(5) similarly to Federal Rule of Civil Procedure 12(b)(6), *see Optinrealbig.com, LLC v. Infinite Monkeys & Co., LLC*, No. 06-cv-00634-ZLW-MJW , 2007 WL 809797, at *1 n.3 (D. Colo. Mar. 15, 2007); *Warne v. Hall*, 373 P.3d 588, 595 (Colo. 2016) (embracing "plausibility standard" set forth in *Twombly* and *Iqbal* "as a statement of the pleading requirements" under Colorado Rule of Civil Procedure 8), many of the authorities defendant cites are Colorado cases that are not binding on this Court for purposes of determining the standard of dismissal under Federal Rule of Civil Procedure 12(b)(6). Moreover, plaintiff's response cites only Colorado authority. *See* Docket No. 14-5 at 4. Accordingly, defendant's request for dismissal of the complaint under Colorado Rule of Civil Procedure 12(b)(5) will be denied without prejudice. Defendant may re-file its motion under the applicable federal rules. It is therefore

**ORDERED** that defendant's Motion to Dismiss [Docket No. 14] is **DENIED** as moot to the extent that it seeks dismissal of the complaint under Colorado Rules of Civil Procedure 12(b)(2)-(4). It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 14] is **DENIED** without prejudice to the extent that it seeks dismissal of the complaint under Colorado Rule of Civil Procedure 12(b)(5).

DATED May 25, 2018.